CASE No. 938.

## COLEMAN v. CHESTER.

1. An agreement for the sale of land may not be proved by parol, but an agreement to compensate the owner of land for expenses incurred by him, by reason of the illegal appropriation of his land by a municipal corporation to the uses of widening a street, is not within the statute of frauds.
2. The judgment of a Circuit Court based upon untenable conclusions, will not be disturbed, if it can be sustained upon any other grounds.
3. In an action brought against a town, the plaintiff is not prevented by the proviso to section 415 of the code of procedure from testifying as to transactions between himself and a former intendant of the town, acting for the corporation, but at the time of trial deceased.
4. A municipal corporation is not liable to an action for damages for a trespass committed by its officers under the authority of the corporation, unless made so by statute. *White* v. *City Council,* 2 *Hill* 571, recognized and followed, *semble.*
5. But it may bind itself, by contract, to pay for benefits derived from such acts of trespass, or to compensate the party injured, if he would refrain from prosecuting a remedy given to him by statute.

---

Before WALLACE J., Chester, October, 1879.

This was an action by J. K. Coleman, against the town of Chester. The complaint was as follows:

1. That the defendant is a body corporate, duly created and organized by and under the laws of said state.

2. That heretofore, to wit, on the eighth day of February, 1873, plaintiff was seized and possessed in fee simple of a certain lot or parcel of land situate in the town of Chester, at the southeast corner of Main and Columbia streets, containing a frontage on said Main street of twenty-three feet, and a depth on Columbia street of two hundred and nineteen feet.

3. That at the date above named, defendant, through its officers and agents, and for the purpose, as it is alleged, of widening said Main street, entered upon and seized and dedicated to the public use the whole of the front of said lot, bounding a distance of twenty-three feet on Main street and to the depth of

twelve feet, against the protest and objections of plaintiff, and to his damage $500.

4. That plaintiff, at the time of said seizure, had begun to erect a certain building of brick on his said premises; and in consequence of said seizure of a part thereof was compelled to erect the same on more unfavorable ground, whereby the expense of erecting was greatly increased, and to the amount of $140.

5. That plaintiff, pursuant to the directions and ordinances of said defendant corporation, was also put to the further expense, in consequence of the seizure of his said premises, of making and erecting a new sidewalk or pavement upon the portion of the premises so seized, at a cost of $20.

6. That at the time of said seizure and dedication of plaintiff's said premises, and at divers times afterwards, the defendant, by its corporate authorities, faithfully promised and agreed with plaintiff, in consideration that he would acquiesce in said seizure and dedication to public use of the premises and abandon all further resistance and objection to said seizure and dedication of the same to public use, that defendant would pay to him the full value of said premises so seized, and also the additional expenses incurred by him in the erection of his building and sidewalk; but although plaintiff, relying upon said promises, did acquiesce in the dedication to public use of said premises, the defendant has neglected and refused, and still neglects and refuses, to pay the value of said premises according to its said promises, and plaintiff alleges that said premises so seized and dedicated and his increased expenses of sidewalk and building were reasonably of the value of $660, and that defendant should be required to pay said sum, with interest, by way of damage for its detention.

Wherefore plaintiff demands judgment against said defendant for relief, in that defendant be required to pay to him the value of his said premises and his expenses, pursuant to its promise and undertaking, and costs.

Defendant admitted the first two paragraphs of the complaint, and denied the others.

At the trial it was shown that the acts done towards widening the street, were done under the authority of the town council.

Plaintiff being on the stand, proved his damage.    He was asked the following questions :

1. Was there any parol agreement or understanding had between yourself and Melton, intendant, respecting compensation for the land taken and occupied by defendant, if you would acquiesce therein ?

2. Was there a parol arrangement between you and Melton, intendant, respecting compensation for increased expenses incurred by erecting your building on more unfavorable ground ?

Upon objection made, both questions were ruled out, as obnoxious to the statute of frauds, and plaintiff excepted.    It was also in evidence that G. W. Melton had said that Coleman and he had settled the matter.    G. W. Melton was then the intendant of the town, but died before the trial.    The Circuit judge ordered that the complaint be dismissed on the grounds :    1st. That no contract had been proved ; and 2d.  That the defendant was not liable to an action for damages under the facts proved.

The plaintiff appealed to this court upon the grounds of error in excluding his questions to the plaintiff, and in holding that an action for damages could not be maintained against defendant for the injury done plaintiff.

*Mr. W. A. Sanders,* for appellant.

*Messrs. J. & J. Hemphill,* contra.

November 22d, 1880.    The opinion of the court was delivered by

McIVER, A. J.    In this case the defendant, a municipal corporation, supposing itself vested with authority so to do by the act of September 22d, 1868, (14 *Stat.* 89, re-enacted in *Gen. Stat.* 352,) proceeded to condemn certain land of the plaintiff for the purpose of widening one of the streets of the town.    This proceeding was resisted by the plaintiff until, as he alleges, an agreement was made by George W. Melton, then intendant of the town, to compensate him for the damages done to his property by this appropriation of a portion of it for the purpose above mentioned.    This agreement, however, was not in writing, and

when the plaintiff proposed to offer parol testimony tending to prove such agreement, it was ruled out as inadmissible under the statute of frauds. To this ruling exception was duly taken, and the first question presented by this appeal is, whether such ruling was correct.

If the purpose of the testimony offered was to prove an agreement for the sale of lands, " or any interest in or concerning them," then, unquestionably, it was incompetent; but if, on the other hand, the object of the testimony was to prove an agreement to compensate the plaintiff for any damages which he had sustained by reason of the illegal acts of the servants or agents of the defendant, of the benefits of which the defendant continued to avail itself, then it was not amenable to the objection stated. The form in which the first question ruled out was submitted, clearly evinced a purpose to prove an agreement to pay the plaintiff the value of the land taken and occupied by the defendant, in consideration that plaintiff would acquiesce in such taking and occupation, and it was therefore properly ruled out. The second question, however, does not appear to us to have been obnoxious to the objection based upon the statute of frauds. It did not tend to elicit proof of an agreement for the sale of lands " or any interest in or concerning them," but simply proof of an agreement to compensate the plaintiff for certain expenses incurred by him by reason of the illegal acts of the agents or servants of the defendant, of the benefit of which the plaintiff continued to avail itself. The objection to this question was, therefore, improperly sustained, and upon this ground there must be a new trial.

Another objection to this testimony has been urged in the argument here, which, though not specifically mentioned in the court below, will next be considered; for while the rule is that a judgment of the Circuit Court will not be reversed upon exceptions not taken in that court, yet if it can be sustained upon any ground this court will affirm it, even though the ground upon which it has been placed in the court below may not be tenable. It is contended here that to permit the plaintiff in this case to prove a transaction between himself and Melton, as intendant of the town, who was dead at the time of the trial, would be in vio-

T

lation of the provisions of Section 415 of the code of procedure. This position is not well taken. The defendant in this case does not stand towards Melton in any of the relations mentioned in that section of the code, and hence the exception made to the general rule of evidence by the proviso to that section, cannot be applied. *Guery* v. *Kinsler*, 3 *S. C.* 423; *Jones* v. *Plunckett*, 9 *S. C.* 392.

The testimony tending to prove the parol agreement with the intendant of the town having been rejected, the plaintiff then contended that he could maintain his action as an action to recover damages for trespass committed by the agents of the defendant, but the Circuit judge held otherwise, and ordered "that the complaint be dismissed on the grounds—*First.* That no contract had been proved; and, *Second.* That the defendant was not liable to an action for damages under the facts proved." To all of which exception was duly taken.

The very important and interesting question which has been mainly discussed here—whether a municipal corporation is liable to an action for damages for a trespass committed by its officers or agents under the direction or authority of the corporation, where such right of action is not given by statute—can scarcely be said to properly arise in this case. For we do not think the frame of the complaint would support such an action; and if it would, the plaintiff, by his own showing, has compromised and waived any claim which he possibly might have had to bring such action by the agreement with Melton which he sets out in his complaint, whereby he acquiesced in the seizure and dedication of his premises to the public use. Besides, after the charter of the defendant had been amended so as to authorize it to proceed under the act of September 22d, 1868, it is very clear that the plaintiff would be compelled to adopt the mode of proceeding provided for by that act to obtain compensation, and could not resort to an action to recover damages for trespass. So that whatever may be the rule upon the subject, it is manifest that the plaintiff could not, in this case, maintain an action for damages.

But the question is important and it may be well for us to state our views. While it is quite true that in some of the states a contrary conclusion has been reached, we think it settled in

this state by the case of *White* v. *City Council of Charleston,* 2 *Hill* 571, that an action to recover damages for a tort, unless it be provided for by statute, cannot be maintained against a municipal corporation, characterized by Marshall, C. J., in *Fowle* v. *Alexandria,* 3 *Pet.* 409, as "a legislative corporation, established as part of the government of the country." The case of White *v.* City Council, so far from being shaken, is rather confirmed by the subsequent case of *Main* v. *Railroad Co.,* 12 *Rich.* 82. In the last-named case it was held that an action of trespass could be maintained against a railroad company, a corporation formed and exercising its functions for the pecuniary benefit of its members, and not a public corporation, instituted for the purposes of government. Whitner, J., in delivering the opinion of the court, says: "The profession will readily recognize the distinction taken between corporations of different kinds, and a difference in the proceedings authorized in consequence," citing *White* v. *City Council, supra; Mower* v. *Leicester,* 9 *Mass.* 247; *Fowle* v. *Alexandria, supra;* in all of which it was held that a municipal corporation, forming a part of the government of the country, was not liable to a civil action for a tort. Again, he says: "The present question is not as to a public corporation instituted for the purposes of government, or a *quasi* corporation created by statute and invested with particular powers without their consent, but as to a corporation exercising its functions for the benefit of its members and holding its franchises upon contract." He then proceeds to declare that corporations of the latter class have, in numerous cases, been held liable to an action for trespass, but there is no intimation of any dissatisfaction with the rule laid down in White *v.* City Council, as to corporations of the former class. Hence, whatever may be the rule elsewhere, we are bound to declare it as established by White *v.* City Council, unless we were to overrule that case, which we do not feel justified in doing.

But a municipal corporation may make contracts, and it is bound by them, and if its officers or agents, acting under its directions, commit a trespass, of the benefits of which the corporation continues to avail itself, it may bind itself by contract to pay the damages resulting from such trespass. So, too, if the

plaintiff, after the charter of the defendant had been amended so as to authorize it to proceed according to the provisions of the act of September 22d, 1868, to condemn the land of the plaintiff for the purpose of widening the street, had been induced, by an agreement with defendant or through its authorized officer or agent, to forego any proceedings under that act to recover damages for the condemnation of his land until after the time limited by the act for the institution of such proceeding, we do not think such an agreement would be within the statute of frauds, and, therefore, parol evidence of such an agreement would be competent.

The judgment of the Circuit Court is reversed and a new trial is ordered.

McGOWAN, A. J., concurred.